UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAWN BOONE,<br><br>               Plaintiff,<br><br>v.<br><br>HAYWARD HOLDINGS INC.,<br><br>               Defendant. | Civil Action No. 23-13168 (RK) (RLS)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

SINGH, United States Magistrate Judge.

**PRESENTLY** before the Court are two motions relating to the affirmative defenses asserted by Defendant Hayward Holdings, Inc. ("Defendant"). First, Defendant moves for leave file an Amended Answer to make "minor corrections" and to add two affirmative defenses: failure to exhaust administrative remedies (the "Tenth Affirmative Defense") and lack of subject matter jurisdiction (the "Eleventh Affirmative Defense") (the "Motion to Amend the Answer"). (Doc. No. 26). Second, Plaintiff, *pro se*, Dawn Boone ("Plaintiff") moves to strike Defendant's affirmative defenses numbered one through eleven (the "Motion to Strike"). (Doc. No. 34). Defendant opposes the Motion to Strike. (Doc. No. 35).

The Court has fully considered the parties' written submissions without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons set forth below and for good cause shown, the Court **GRANTS** Defendant's Motion to Amend the Answer and **DENIES** Plaintiff's Motion to Strike.

1

## I.    RELEVANT BACKGROUND AND PROCEDURAL HISTORY

Because the parties are familiar with the background and procedural history, the Court only sets forth the background and procedural history relevant to the pending Motions. This matter arises out of Plaintiff's August 30, 2023 Complaint, alleging that Defendant harassed and discriminated against her during the course of her employment with Defendant, resulting in an alleged constructive discharge. (*See* Doc. No. 1). On January 16, 2024, Defendant filed its Answer and Affirmative Defenses. (Doc. No. 16). In its Answer, Defendant asserted nine affirmative defenses:

1. The plaintiff's Complaint is barred by the applicable statutes of limitations and/or repose.

2. The plaintiff failed to mitigate her alleged damages.

3. The plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

4. The plaintiff's claims are barred by the doctrine of laches.

5. On these allegations, defendant is not liable for punitive damages.

6. Plaintiff unreasonably failed to take advantage of available preventative or corrective opportunities provided by the Defendant to prevent or immediately head off the unwanted harassment or to otherwise avoid harm.

7. Defendant exercised reasonable care to prevent and promptly correct any of the alleged harassing behavior.

8. No adverse employment action was taken affecting plaintiff.

9. Defendant took no action in violation of Title VII.

(Doc. No. 16 at pp. 3-4).

On March 11, 2024, the Court entered the Pretrial Scheduling Order, setting a deadline of April 23, 2024 for any motions for leave to amend or join new parties. (Doc. No. 25). On April

2

17, 2024, Defendant timely filed its Motion to Amend the Answer. (Doc. No. 26). Through the Motion, Defendant seeks to correct its Answer to add that Plaintiff worked remotely from March 2020 to June 2022 and omits an assertion that it "closed" one of its locations. (*See* Doc. No. 26-4 at ECF p. 9). Defendant also seeks to add two affirmative defenses, (Doc. No. 26-4 at ECF p. 11), relating to Plaintiff's withdrawal of a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), (*see* Doc. No. 26-1 at ¶¶ 2, 5). Defendant's counsel avers that he was not aware of the withdrawal of the Charge of Discrimination until after Defendant filed its Answer. (*See* Doc. No. 26-1 at ¶¶ 3-5).

Plaintiff did not file a timely opposition to Defendant's Motion to Amend the Answer. Nevertheless, on May 13, 2024, Plaintiff filed the pending Motion to Strike Defendant's Affirmative Defenses.[1] (Doc. No. 34). Plaintiff argues that the Court should strike all of Defendant's Affirmative Defenses, including the two new proposed defenses, because they fail to include a short and plain statement of facts and "necessary elements of the alleged claims[.]" (Doc. No. 34 at ECF p. 2).

Defendant timely filed its opposition to Plaintiff's Motion to Strike. (Doc. No. 35). Through its opposition, Defendant argues that there is a high burden to strike affirmative defenses, which Plaintiff has not met. Defendant further provides legal support for its Affirmative Defenses and contends that it has provided Plaintiff fair notice of the nature of the defenses. (*See* Doc. No. 35 at ECF pp. 2-3).

---

[1] On that date, Plaintiff also filed a Motion for Leave to Amend her Complaint to join her son as a Plaintiff. (Doc. No. 33). A separate Opinion and Order will address Plaintiff's Motion for Leave to Amend.

3

## II. LEGAL STANDARDS

### A. MOTION TO AMEND

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, a court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *in re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Rule aims to "ensure[] that an inadvertent error in, or omission from, an original pleading will not preclude a party from securing relief on the merits of his claim." *Korb v. Haystings*, 860 F. App'x 222, 226 n.5 (3d Cir. 2021) (citations omitted). Nevertheless, the Court may, in its discretion, deny a motion for leave to amend in one of three instances: (1) the movant engaged in undue delay, bad faith, or dilatory motives; (2) the amendment would cause undue prejudice to the non-movant; or (3) amendment would be futile. *See, e.g., Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *BTG Int'l Ltd. v. Actavis Labs. FL, Inc.*, Civ. No. 15-5909, 2017 WL 529446, at *2 (D.N.J. Feb. 8, 2017). An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To determine if an amendment is "insufficient on its face," the Court applies the same standard as on a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Ultimately, the decision of whether to grant leave to amend lies within the sound discretion of the Court. *Arab Afr. Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

### B. MOTION TO STRIKE

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

4

matter." Fed. R. Civ. P. 12(f). "Motions to strike are decided on the pleadings alone." *Deery v. Crystal Instr. Corp.*, No. 13-198, 2013 WL 4517867, at *1 (D.N.J. Aug. 26, 2013) (citations omitted). Importantly, motions to strike are generally disfavored and granted sparingly, such as when a defense is clearly insufficient regardless of any disputed issues of fact. *See Tonka Corp. v. Rose Art Indus., Inc.*, 836 F. Supp. 200, 217-18 (D.N.J. 1993). "Even where the facts are not in dispute, Rule 12(f) is not meant to afford an opportunity to determine disputed and substantial questions of law." *Id.* at 218 (citing, *inter alia*, *Heller Fin. Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1295 (7th Cir. 1989)). The Court exercises wide discretion in considering a Rule 12(f) motion to strike. *Id.* at 217.

## III. DISCUSSION

While Plaintiff did not file a separate opposition to Defendant's Motion to Amend the Answer, she challenges the Affirmative Defenses, including the two proposed Affirmative Defenses, on the basis that they do not include a short and plain statement of facts or the "necessary elements of the alleged claims[.]" (Doc. No. 34 at ECF p. 2). Considering Plaintiff's *pro se* status, the Court construes Plaintiff's Motion to Strike to also oppose the Motion to Amend the Answer to include the two proposed Affirmative Defenses on the basis of futility.

In considering futility on a motion for leave to amend to add an affirmative defense, the Court considers the proposed affirmative defenses under the standard for a motion to strike under Rule 12(f). *Bello v. United Pan Am Fin. Corp.*, No. 19-9118, 2022 WL 1732441, at *7 (D.N.J. Nov. 29, 2022). Accordingly, the Court considers whether the proposed affirmative defense is: (1) "recognized as a defense to the cause of action," *Bello*, 2022 WL 1732441, at *7 (quoting *Newborn Bros. Co. v. Albion Eng'g Co.*, 299 F.R.D. 90, 93 (D.N.J. 2014)) (internal quotation marks omitted); or (2) whether any pled or inferable facts support the affirmative defense, *Bello*,

5

2022 WL 1732441, at *7 (quoting *Santander Bank, N.A. v. Friedman, Schuman, Applebaum, Nemeroff & McCaffery, P.C.*, No. 14-413, 2014 WL 1621792, at *2 (D.N.J. Apr. 17, 2014)) (internal quotation marks omitted). Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, an affirmative defense "need not contain the detailed factual allegations that a claim or a defense must." *Bello*, 2022 WL 1732441, at *7; *see also* Fed. R. Civ. 8(c); *Newborn Bros.*, 299 F.R.D. at 93.

Failure to exhaust administrative remedies and lack of subject matter jurisdiction are affirmative defenses to the nature of claims asserted by Plaintiff. Indeed, "[t]he Supreme Court has explained that when Title VII remedies are available, they must be exhausted before a plaintiff may file suit." *Spence v. Straw*, 54 F.3d 196, 200 (3d Cir. 1995); *see also Slingland v. Donahoe*, 542 F. App'x 189, 191 (3d Cir. 2013) (recognizing that failure to exhaust is grounds for dismissal under Rule 12(b)(6)). The Third Circuit has widely recognized failure to exhaust as an affirmative defense). *See Williams v. Runyon*, 130 F.3d 568, 573 (3d Cir. 1997). In addition, a court's lack of subject matter jurisdiction is a widely recognized defense that a court may determine at any time. *See* Fed. R. Civ. P. 12(h)(3).

Here, Defendant has sufficiently established that the proposed Affirmative Defenses are recognizable defenses supported by inferable facts. In addition, Plaintiff does not challenge the other proposed minor amendments to Defendant's Answer. Recognizing that the Federal Rules of Civil Procedure require leave to amend to be freely granted and there has been no showing of undue delay, prejudice, or futility, the Court GRANTS Defendant's Motion for Leave to Amend the Answer.

Turning to Plaintiff's Motion to Strike Defendant's Affirmative Defenses, the Court DENIES the Motion to Strike the Tenth and Eleventh Affirmative Defenses for the reasons set

6

forth above in analyzing whether the proposed Affirmative Defenses are futile. As to the other Affirmative Defenses, Plaintiff seeks to strike them on the basis that they do not meet Rule 8(a)'s requirement for a short and plain statement. *See* Fed. R. Civ. P. 8(a). However, affirmative defenses need not include the same "detailed factual allegations that a claim or a defense must." *Bello*, 2022 WL 1732441, at *7; *see also Fed. Trade Comm'n v. Hope Now Modifications, LLC*, No. 09-1204, 2011 WL 883202, at *2 (D.N.J. Mar. 10, 2011) (recognizing the Federal Rules of Civil Procedure "distinguish the level of pleading required between a plaintiff asserting a claim for relief under Rule 8(a) and a defendant asserting an affirmative defense under Rule 8(c)"). Defendant's other Affirmative Defenses are well-recognized defenses to the nature of the claims asserted by Plaintiff, and Defendant has met its obligations under Rule 8(c) of the Federal Rules of Civil Procedure. *See, e.g., Faragher v. Boca Raton*, 524 U.S. 775 (1998); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998); *Slingland*, 542 F. App'x at 191; *Goodman v. London Metals Exch., Inc.*, 86 N.J. 19, 36-37 (1981). Accordingly, the Court DENIES Plaintiff's Motion to Strike Defendant's Affirmative Defenses.

## IV.     CONCLUSION

For the reasons set forth above, and good cause having been shown,

**IT IS** on this **18th** day of **November 2024** hereby

**ORDERED** that Defendant's Motion for Leave to File an Amended Answer (Doc. No. 26) is **GRANTED**; and it is further

**ORDERED** that Defendant shall file its Amended Answer by no later than **seven (7) days** from the date of this Order; and it is further

**ORDERED** that Plaintiff's Motion to Strike the Affirmative Defenses (Doc. No. 34) is **DENIED**; and it is further

7

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motions pending at Docket Entry Nos. 26 and 34.

**SO ORDERED.**

/s/ Rukhsanah L. Singh
_____
**RUKHSANAH L. SINGH**
UNITED STATES MAGISTRATE JUDGE