# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAWN BOONE,<br><br>    Plaintiff,<br><br>v.<br><br>HAYWARD HOLDINGS INC.,<br><br>    Defendant. | Civil Action No. 23-13168 (GC) (RLS)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**SINGH, United States Magistrate Judge.**

  **PRESENTLY** before the Court is a Motion by Plaintiff, *pro se*, Dawn Boone ("Plaintiff") for Leave to File an Amended Complaint (the "Motion"). (Doc. Nos. 27, 33). Plaintiff seeks to add her son Kenyon Gordon ("K.G.") as a plaintiff who would assert what appears to be claims of retaliation and for alleged violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, (the "CFAA"). Defendant Hayward Holdings Inc. ("Defendant") opposes the Motion, (Doc. Nos. 28, 35), to which Plaintiff replied, (Doc. No. 36).[1] The Court has fully considered the parties' written submissions without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons set forth below and for good cause shown, the Court **DENIES** Plaintiff's Motion.

---

[1] Plaintiff originally filed her Motion on April 23, 2024, within the deadline for any motions to amend set by the Court's March 11, 2024 Pretrial Scheduling Order. (*See* Doc. Nos. 25, 27). On the date that her reply to the Motion was due, Plaintiff filed an "Amended Motion" to Amend, asserting the CFAA instead of the various criminal statutes referenced in her original motion. (Doc. No. 33).

## I. RELEVANT BACKGROUND AND PROCEDURAL HISTORY

This matter arises out of Defendant's employment of Plaintiff. Through her Complaint, Plaintiff alleges that Defendant harassed and discriminated and retaliated against her, creating a hostile work environment, resulting in her "constructive discharge" from her employment. (*See* Doc. No. 1). Defendant denies the allegations and contends that Plaintiff voluntarily resigned in lieu of accepting a transfer of her position when Defendant moved its operations to North Carolina. (*See* Doc. No. 22; *see also* Doc. No. 48).

Through the current Motion, Plaintiff seeks to add her disabled son, K.G., as a plaintiff to this action because he "was the victim of cybercrimes[.]" (Doc. No. 33). Plaintiff states that she is K.G.'s legal guardian. (Doc. No. 33 at ECF p. 1). Plaintiff further states that Defendant never employed K.G. but K.G. "was subjected to the same retaliation" that Plaintiff allegedly endured through "collateral damage." (Doc. No. 33 at ECF p. 2).

Defendant opposes the Motion and contends that Plaintiff fails to offer any set of facts that would make a claim arising under the CFAA, on behalf of her son, plausible. (*See* Doc. No. 35 at ECF pp. 1-2). Defendant further points out that Plaintiff's sought-to-be-added claim fails to provide Defendant any notice of the complained-of conduct, underscoring that Plaintiff acknowledges Defendant never employed K.G. (Doc. No. 35 at ECF pp. 1-2). Further, Defendant adds that Plaintiff cannot "act as an attorney on behalf of her child." (Doc. No. 35 at ECF p. 2).

Plaintiff filed a reply, clarifying that she seeks to add her son as a plaintiff because he "was also the victim due to his relationship to me since he is a member of my household." (Doc. No. 36 at ECF p. 3). She also states that she has been K.G.'s legal guardian since 2021 and "is legally authorized to act on" his behalf. (Doc. No. 36 at ECF p. 4).

## II.     LEGAL STANDARD

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, a court should freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *in re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Rule aims to "ensure[] that an inadvertent error in, or omission from, an original pleading will not preclude a party from securing relief on the merits of his claim." *Korb v. Haystings*, 860 F. App'x 222, 226 n.5 (3d Cir. 2021) (citations omitted). Nevertheless, the Court may, in its discretion, deny a motion for leave to amend in one of three instances: (1) the movant engaged in undue delay, bad faith, or dilatory motives; (2) the amendment would cause undue prejudice to the non-movant; or (3) amendment would be futile. *See, e.g., Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *BTG Int'l Ltd. v. Actavis Labs. FL, Inc.*, Civ. No. 15-5909, 2017 WL 529446, at *2 (D.N.J. Feb. 8, 2017).

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990) (internal quotation marks and citations omitted). To determine if an amendment is "insufficient on its face," the Court applies the same standard as a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). On a motion brought pursuant to Rule 12(b)(6), courts must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Factual allegations, however, must be sufficient "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Palakovic v. Wetzel*, 854 F.3d 209,

220 (3d Cir. 2017) (discussing standard under *Iqbal* and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

In addition, where, as here, a party seeks to add a new party, the Court considers Federal Rule of Civil Procedure 20(a), which permits joinder as a plaintiff if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Ultimately, the decision of whether to grant leave to amend lies within the sound discretion of the Court. *Arab Afr. Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993); *see also Yue v. Lor*, No. 20-5099, 2021 WL 1712279, at * (D.N.J. Apr. 29, 2021) (recognizing that "[m]otions to join parties under Rule 20 fall squarely within the discretion of the court, which must determine whether the proposed joinder comports with the 'principles of fundamental fairness'" (internal citation omitted)).

### III. DISCUSSION

As an initial matter, Plaintiff fails to attach to her Motion a proposed Amended Complaint pursuant to Local Civil Rule 15.1. *See* L. Civ. R. 15.1(a) (requiring a movant seeking leave to amend to attach to the motion a copy of the proposed amended pleading and a form indicating the differences from the prior pleading). Nevertheless, in light of Plaintiff's *pro se* status, the Court considers the merits of Plaintiff's Motion based on her proffered "Statement of Facts" in her submissions. *See Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990) (recognizing a liberal approach to amendment of pleadings to ensure that they are decided on their merits rather than on technicalities).

Defendant opposes Plaintiff's Motion on the basis that the joinder and amendment would be futile. Accordingly, the Court addresses futility only here. Plaintiff's proposed amended

claim, on behalf of her son, under the CFAA is futile if Plaintiff does not offer factual allegations that are sufficient to show that the claim is plausible. *See Palakovic*, 854 F.3d at 220.

The CFAA prohibits knowingly, and with an intent to defraud, unauthorized access to a "protected computer" as well as knowingly transmitting a program, code, or the like, that intentionally causes damage to a "protected computer[.]" 18 U.S.C. § 1030(a)(4)-(5). A "protected computer" is one: (1) used by or for a financial institution, the United States Government; (2) "used in or affecting interstate or foreign commerce or communication[;]" or (3) that is part of a voting system or used for certain federal elections. *See* 18 U.S.C. § 1030(e)(2). To state a plausible claim for relief under the CFAA, Plaintiff must proffer facts sufficient to show:

> (1) defendant has accessed a 'protected computer;' (2) has done so without authorization or by exceeding such authorization as was granted; (3) has done so 'knowingly' and with 'intent to defraud'; and (4) as a result has 'furthered the intended fraud and obtained anything of value.'

*P.C. Yonkers, Inc. v. Celebrations the Party and Seasonal Superstore, LLC*, 428 F.3d 504, 508 (3d Cir. 2005) (citing, *inter alia*, 18 U.S.C. § 1030(a)(4)) (internal editing marks omitted).

Here, Plaintiff's allegations through her Motion offer no set of facts sufficient to show that Defendant knowingly and fraudulent accessed or "hacked" any "protected computer" and obtained any value therefrom. Rather, Plaintiff merely offers the conclusory statements that her son was the victim of an unspecified cybercrime and suffered "collateral damage" based on the injuries Plaintiff alleges in her employment claims. Such conclusory allegations are insufficient

to state a plausible claim for relief, let alone one arising under the CFAA.[2] *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

Furthermore, Plaintiff fails to establish that she is authorized to proceed on behalf of her son. While Plaintiff flatly asserts that she is his legal guardian and he is disabled, Plaintiff offers no other supporting documentation to establish her status as legal guardian and does not disclose if he is a minor. *See* Fed. R. Civ. P. 17(c). In addition, "[i]t is . . . well-established in this Circuit that the right to proceed pro se in federal court does not give non-lawyer parents the right to represent their children in proceedings before a federal court." *Collinsgru v. Palmyra Bd. Of Educ.*, 161 F.3d 225, 231 (3d Cir. 1998) (citing *Osei-Afriyie v. Medical College of Pa.*, 937 F.2d 876, 883 (3d Cir. 1991)). "The rule that a non-lawyer may not represent another person in court is a venerable common law rule." *Id.* at 232. Therefore, Plaintiff's Motion further fails to establish that she has standing to sue on behalf of K.G. *See Martin v. Piserchia*, No. 23-21669, 2024 WL 3812071, at *6 (D.N.J. Aug. 14, 2024) ("Generally, courts in this District have described the rule against non-lawyer parents representing their children *pro se* as an issue of standing." (citation omitted)).

Accordingly, Plaintiff's proposed amendment to bring a claim on behalf of her son under the CFAA is futile.[3]

---

[2] Because the Court finds that Plaintiff's proposed amendments to assert a claim under the CFAA are futile as offering no set of facts whatsoever to support such a claim, the Court need not reach whether such a claim must be pled with specificity pursuant to Rule 9 of the Federal Rules of Civil Procedure. *See Ryanair DAC v. Booking Holdings Inc.*, 636 F. Supp. 3d 490, 505-07 (D. Del. 2022) (recognizing "the law on this issue is a mess" and discussing status of case law).

[3] Because the Court finds that Plaintiff fails to meet the standard for amendment under Rule 15, the Court declines to address whether Plaintiff's Motion meets the joinder requirements of Rule 20(a)(1).

## IV.     CONCLUSION

Exercising the Court's discretion and for the reasons set forth above, the Court DENIES Plaintiff's Motion for leave to amend.

Accordingly, for good cause shown,

**IT IS, THEREFORE**, on this **4th** day of **December 2024** hereby

**ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint (Doc. No. 33) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motion pending at Docket Entry No. 33.

**SO ORDERED.**

/s/ Rukhsanah L. Singh
**RUKHSANAH L. SINGH**
UNITED STATES MAGISTRATE JUDGE